**Hakob PASHALYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71652.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2006.

Decided June 16, 2006.

Hakob Pashalyan, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Lightbody, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: LAY,* KLEINFELD, and SILVERMAN, Circuit Judges.

---

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

MEMORANDUM \*\*

Hakob Pashalyan, a native and citizen of Armenia, appeals the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal.[1] We grant the petition for review and remand to the BIA.

Pashalyan argues on appeal that the IJ erred in concluding he did not establish past persecution or a well-founded fear of future persecution on account of his political opinion. This court reviews the BIA's decision that an alien has not established eligibility for asylum or withholding of removal to determine whether the claims are supported by substantial evidence. *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir.2005). This standard limits reversals of BIA decisions to situations where a petitioner has presented evidence so compelling that no reasonable factfinder could fail to find that he or she has not established eligibility for asylum. *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir.2005). When the BIA affirms an IJ's decision without opinion, this court reviews the IJ's decision as the final agency determination. *Karouni*, 399 F.3d at 1170.

Under the Immigration and Nationality Act ("INA"), to establish eligibility for asylum, a petitioner must show that he or she qualifies as a refugee. INA § 208(b); 8 U.S.C. § 1158(b). A refugee is one "who is unable or unwilling to return to … [his native] country because of persecution or a well-founded fear of persecution on ac-

---

1. Pashalyan also argues the IJ erred in denying relief under the Convention Against Torture ("CAT"). Pashalyan did not raise a CAT claim in his appeal to the BIA. Thus, he has not exhausted his administrative remedies regarding his CAT claim and it is not properly before this court for review. *Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th Cir.2004).

count of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A). In determining whether retaliation against a person who opposes government corruption can constitute persecution on account of political opinion, "[t]he 'salient question' is whether the petitioner's opposition to corruption was 'directed toward a governing institution, or only against individuals whose corruption was aberrational.'" *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir. 2004) (quoting *Grava v. I.N.S.*, 205 F.3d 1177, 1181 (9th Cir.2000)). Where a petitioner's statement revealing corruption "describes an institutionalized level of corruption that goes far beyond an individual, anomalous case[,]" it constitutes a political opinion for the purposes of asylum and withholding. *Hasan v. Ashcroft*, 380 F.3d 1114, 1120 (9th Cir.2004).

Here, the IJ found that Pashalyan was credible, but concluded that he had not "met his burden of proof to show that he was persecuted on the basis of one of the five enumerated grounds." Specifically, the IJ concluded Pashalyan had not demonstrated persecution on account of political opinion, noting that "[t]he fact that the respondent was part of a military investigation and detained for a period for that does not amount to persecution." The IJ characterized Pashalyan's experience as an "unfortunate incident between [a] corrupt colonel in the military and a victim who the colonel was trying to extort money from," then stated it was merely Pashalyan's "military duty" to report what he witnessed to military authorities. The IJ apparently concluded that, as long as Pashalyan was telling the truth in the course of a military investigation, the military's subsequent three-month detention—with daily beatings—could not constitute persecution on account of political opinion. We disagree.

As noted above, when determining whether retaliation against a person who opposes government corruption constitutes persecution on account of political opinion, "[t]he 'salient question' is whether the petitioner's opposition to corruption was 'directed toward a governing institution, or only against individuals whose corruption was aberrational.'" *Mamouzian*, 390 F.3d at 1135 (quoting *Grava*, 205 F.3d at 1181). Here, Pashalyan was beaten daily over a three-month period by members of the Armenian military because the military wanted Pashalyan to change his testimony regarding a superior officer's role in the death of another soldier. Three months of daily beatings by government officials are enough to amount to persecution and, on the record in this case, the persecution was for Pashalyan's exposure of corruption in the military.

Once a petitioner has established past persecution on account of a protected category, a rebuttable presumption exists that the petitioner has also established a well-founded fear of future persecution. *See Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir.2003). The burden then shifts to the government to rebut the presumption of a well-founded fear of future persecution by showing by a preponderance of the evidence that conditions have changed sufficiently such that the petitioner's fear of persecution is no longer reasonable. *Navas v. I.N.S.*, 217 F.3d 646, 657 (9th Cir. 2000); *see* 8 C.F.R. § 208.13(b)(1)(A). The government may also rebut the presumption by showing by a preponderance of the evidence that the applicant could avoid future persecution by relocating to another part of his or her country, and that it would be reasonable to expect the applicant to do so. *Ali v. Ashcroft*, 394 F.3d 780, 788 (9th Cir.2005); *see* § 208.13(b)(B). Here, because the IJ found that Pashalyan had not established past persecution on

account of political opinion, he did not reach the issue of whether the government had rebutted the presumption of a well-founded fear of future persecution. Therefore, we remand to the BIA in order to allow the agency to rule on this issue in the first instance. *See I.N.S. v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Turning to Pashalyan's withholding claim, the IJ, having held Pashalyan was not eligible for asylum, assumed he could not meet the higher standard necessary to prove eligibility for withholding of removal. *Ventura* requires that we remand Pashalyan's withholding claim to the BIA so that the agency may rule on this issue in the first instance. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1123 (9th Cir.2004).

For these reasons, we GRANT the petition for review and REMAND to the BIA.